UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| LOUIS W. ALFORD, | ) |
|     Petitioner, | ) |
| v. | ) No.: 4:13-cv-87-HSM-SKL |
| ARVIL CHAPMAN, Warden, | ) |
|     Respondent. | ) |

## MEMORANDUM and ORDER

This is a pro se state prisoner's petition for a writ of habeas corpus filed under 28 U.S.C. § 2254, challenging his Coffee County, Tennessee 1990 burglary conviction and, arguably, his 1991 second degree murder conviction [Doc. 1].[1] The Clerk is **DIRECTED** to serve copies of the petition and this Memorandum and Order upon the respondent and the Attorney General for The State of Tennessee.

Since it does not plainly appear from the face of the petition that it should be summarily dismissed (though an issue regarding timeliness of the filing is evident on the face of the petition), Respondent is hereby **ORDERED** to answer or otherwise respond to the petition within thirty (30) days from the date of this Order. Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts. Respondent should specifically address whether the petition was timely filed and whether Petitioner has exhausted his available state court remedies. 28 U.S.C. §§ 2244(d), 2254(b).

---

[1] It is proper to attack both judgments in a single habeas corpus petition. *See* Rule 2(e) of the Rules Governing Section 2254 Cases In The United States District Courts (providing that a single petition may assert claims only against the judgment(s) of a single state court).

Although a reply is not necessary, if Petitioner wishes to file a reply, he **SHALL** file that reply within thirty (30) days from the date Respondent files his answer with the Court. Rule 5(e), Rules Governing Section 2254 Proceedings In The United States District Courts. Any reply should not exceed twenty-five pages; must directly reply to the points and authorities in the Warden's answer; and must not to be used to reargue the points and authorities included in the petition or to present any new issues. See E.D. Tenn. L.R. 7.1(b) and (c).

Finally, the Court notes that a § 2254 habeas corpus petition filed subsequently to this petition was dismissed without prejudice for Petitioner's failure to exhaust his state remedies.[2] *See Alford v. Chapman*, No. 4:14-cv-19 (E.D. Tenn. 2015). However, the Supreme Court has held that "[a] habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition." *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000). Since this is numerically the first § 2254 petition, it does not fit within the terms of 28 U.S.C. § 2244(b)(3)—the statute which governing second-in- time habeas corpus petitions. Thus, the Court sees no reason to treat the instant petition as a "second or successive" petition under 28 U.S.C. § 2244(b)(3) or to transfer it to the United States Court of Appeals for the Sixth Circuit.

**SO ORDERED**.

                                                         */s/ Harry S. Mattice, Jr.*
                                                        HARRY S. MATTICE, JR.
                                                     UNITED STATES DISTRICT JUDGE

---

[2] Petitioner alleged, as his sole claim that, since 1993, he had been serving an illegal four-year sentence with respect to his burglary conviction.